HAROLD P. GEWERTER, ESQ.  E- filed: July 6, 2009
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Telephone: (702) 382-1714
Fax: (702) 382-1759
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| VISION AIRLINES, INC., a Nevada corporation, <br><br> Plaintiff, <br> vs. <br><br> JUAN SALICRUP MAYORAL; SALKO ENTERPRISES, INC. a/k/a SALKO INTERNATIONAL; HELENI K. SALICRUP; RONALD BORZ; GWEN CARSON; DANIEL CARSON; GERALD HESTER, and DOES I through X, inclusive, <br><br> Defendants. | CASE NO.: 2:09-cv-1137-LRH-RJJ |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND**

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

PLEASE TAKE NOTICE that Plaintiff, VISION AIRLINES, INC., by and through its attorney of record HAROLD P. GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ. LTD. hereby moves this Court for an Order, pursuant to 28 U.S.C. § 1447(c) remanding the above-entitled action back to Clark County District Court, in and for the State of Nevada.

This Motion to Remand is made on the grounds that Plaintiff's Complaint falls squarely outside of Federal Law and there is not full diversity in this matter, thus this Honorable Court has no subject matter jurisdiction in this case.

This Motion is made based upon the attached Memorandum of Law, the papers and pleadings of record herein and the oral argument of counsel at the time of any hearing on this matter.

DATED this ____ day of July, 2009.

HAROLD P. GEWERTER, ESQ., LTD.

      /s/   Harold P. Gewerter, Esq.      
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Attorney for Plaintiff

## FACTUAL AND PROCEDURAL BACKGROUND

On or about April 18, 2006, Defendant JUAN SALICRUP MAYORAL (hereinafter "MAYORAL") was hired by Plaintiff VISION AIRLINES, INC. (hereinafter "VISION") as a pilot.  On or about December 1, 2005, Defendant RONALD BORZ (hereinafter "BORZ") was hired by Plaintiff VISION as a flight attendant.  On or about March 16, 2007, Defendant GWEN CARSON (hereinafter "G. CARSON") was hired by Plaintiff VISION as an accounting assistant.  On or about September 5, 2005, Defendant DANIEL CARSON (hereinafter "D. CARSON") was hired by Plaintiff VISION as a pilot.

At or near the time of their hiring all of the employee Defendants signed an Employee Non-Competition and Non-Disclosure Agreement with Plaintiff VISION.  (See Exhibit "1" attached hereto).   All Defendants signed their Employee Non-Competition and Non-Disclosure Agreements which agreements are to be construed under Nevada State law.

At all relevant times, Plaintiff VISION has or had contracts and or business associations with Capital Aviation, Inc., Computer Sciences Corporation (sometimes known as CSC) and McNeil Technologies, Inc. concerning the providing of aviation services.  Defendants, along

1  with possibly others, have been directly and/or indirectly contacting Capital Aviation, Inc.,
2  Computer Sciences Corporation and McNeil Technologies, Inc. sometimes directly and
3  sometimes indirectly and sometimes through Defendant SALKO ENTERPRISES, INC.
4  (hereinafter "SALKO") and discussing and/or disclosing confidential and trade secret
5  information of Plaintiff VISION and attempting to convince such customers, contractors and
6  business associates of Plaintiff VISION to enter into new contracts with Defendants and
7  terminating contracts with Plaintiff VISION all to the detriment of Plaintiff VISION.

8  Plaintiff VISION filed the Complaint in Nevada State Court, Clark County, Case No.
9  A589746 in this matter on May 6, 2009, alleging Breach of Contract, Breach of Implied
10 Covenant of Good Faith and Fair Dealing, Conspiracy, Concert of Action, Intentional
11 Interference with Contractual Relations, Interference with Prospective Economic Advantage,
12 RICO under NRS 207.470, Misappropriation of Trade Secrets and Declaratory Relief.

13 Defendants filed a Petition for Removal on June 24, 2009 for the inappropriate purpose
14 of delaying this action and harassing Plaintiff VISION knowing that there was no complete
15 diversity jurisdiction.

16 Moreover, the Petitioning Party, HESTER, is no longer a party to this action.  See Exhibit
17 "2" attached hereto.  The Court has therefore closed this Removed Case.  See Exhibit "3"
18 attached hereto.  Therefore, this Court has apparently already determined it has no jurisdiction in
19 this Removed Case.

20 Defendant HESTER removed this action based on the false and misplaced allegation of a
21 Fraudulent Defendant added to defeat diversity.  This should be viewed as nothing more than an
22 improper litigation tactic employed by Defendants to delay this meritorious litigation and gain
23 additional notoriety and publicity which is clearly being sought by Defendants as demonstrated
24 in their ad in the Las Vegas Review Journal attached hereto as Exhibit "4".  The ad states in part:
25 " WANTED: Competent, aggressive trial attorney willing to take on VISION
26 AIRLINES/ in suit now pending in Clark County, Nevada.  Involving Secret US
27 Government Sponsor war related flights to Iraq & Afghanistan. VISION already involved
28

3

1  in pending class action suit//passenger-cargo classified/ attorney must be prepared for
2  complex public relation issues"

3  The ad listed Defendant MAYORAL as the contact person. Defendants MAYORAL,
4  SALKO and HELENI K. SALICRUP (hereinafter "SALICRUP") were all properly served on
5  May 26, 2009 by a Special Process Server, Sheriff Appointed. (See Exhibit "5" attached hereto),
6  in spite of these Defendants **false** allegations to the contrary. This Sheriff Appointed Special
7  Process Server performed substitute service on Defendants MAYORAL, SALKO and
8  SALICRUP at 1738 Torrey Dr., Orlando, FL 32818 (the residence and resident agent address of
9  Defendants MAYORAL, SALKO and SALICRUP) by serving Jane Doe (who refused to give
10 her name) but who was described as a female of around the age of 65. (See Exhibit "5" attached
11 hereto). Defendants MAYORAL, SALKO and SALICRUP have filed improper and fugitive
12 documents with the Nevada State Court seeking to dismiss this action for improper service by
13 **falsely** claiming that service was performed on a 14 year old boy. (See Exhibit "6" attached
14 hereto). These Defendants' position is patently absurd!

15 The main claim put forth for removal is nothing more than an improper attack on Plaintiff
16 VISION based on manufactured facts and pure conjecture. The Petitioners make this claim
17 while providing no evidence, other than their self serving conclusion that Defendant BORZ was
18 added to this suit fraudulently in order to defeat federal court jurisdiction. It is Defendants'
19 contentions that are false and contrary to fact and well-established law.

20 **ARGUMENT**
21 **I.**
22 **STANDARD ON A MOTION FOR REMAND**

23 Federal law provides that a district court shall remand any action in which subject matter
24 jurisdiction is lacking. 28 U.S.C. § 1447(c). When deciding whether removal of a case from
25 state court is proper, it is important to recognize the basic principle that federal courts are courts
26 of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 128 L.
27 Ed. 2d 391, 114 S.Ct. 1673 (1994); *Chase Manhattan Bank. (Nat''l Assoc.) v. South Acres Devel.*
28 *Co.,* 434 U.S. 236, 239-240, 54 L. Ed. 2d 501, 98 S. Ct. 544 (1978). Consequently, the removal

1  statutes are to be strictly construed against removal, requiring remand to state court if any doubt
2  exists whether removal was proper.  *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992);
3  *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).   Because of
4  this strong presumption against removal jurisdiction, the removing party bears the burden of
5  proving, by a preponderance of the evidence, that removal is proper.  *Gaus,* 980 F.2d at 566;
6  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-404 (9th Cir. 1996).   Moreover, on a
7  motion for remand, the court is subject to the "well-pleaded complaint rule," meaning remand
8  "must be determined from what necessarily appears in the plaintiff's statement of his own claim
9  [.]"  *Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1040 (9th Cir. 2003), quoting *Taylor v.*
10 *Anderson,* 234 U.S. 74, 75-76 (1914).   This well-pleaded complaint rule makes the plaintiff "the
11 master of the claim."  *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

12 Despite their attempt to creatively re-plead Plaintiff's Complaint, Defendants have utterly
13 failed to meet this burden since there simply is no federal jurisdiction over this action.
14 Therefore, this action should be remanded to Nevada state court.  28 U.S.C. §1447(c).

## II.

## THIS ACTION MUST BE REMANDED

### A)    DEFENDANT BORZ WAS NOT ADDED AS A FRAUDULENT DEFENDANT AND THEREFORE THIS COURT LACKS JURISDICTION

19 Defendants removed this action based on the flimsy allegation of a Fraudulent Defendant
20 added to defeat diversity.  Additionally, the Petitioning Party, HESTER, is no longer a party to
21 this action. See Exhibit "3" and "4" attached hereto.  Defendants also included numerous pages
22 of argument relating to the alleged adequacy of Plaintiff's pleadings in Plaintiff's Complaint in
23 this matter which is not only incorrect but irrelevant.   This should be viewed as nothing more
24 than a litigation tactic employed by Defendants to delay this meritorious litigation and gain
25 additional notoriety and publicity which is clearly being sought by Defendants for wrongful and
26 illegal purposes.

27 This action clearly lacks the full diversity required for removal and Defendants in their
28 Petition for Removal admit as much.  They hang their hat on the whimsical hope that this

Honorable Court will find that one of the Defendants, BORZ, who lives in Nevada (a fact they also admit) was added as a Defendant in this matter fraudulently.   This allegation is not only ludicrous but even Defendants provide scant argument for fraudulent joinder in their Petition and what they do provide is illogical and meritless.

A joinder is fraudulent if there is "no real intention to get a joint judgment, and …there is no colorable ground for so claiming."  *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir. 1990); see also *McCabe v. General Foods Corp.* 811 F.2d 1336, 1339 (9th Cir. 1987).   Federal Courts have applied the fraudulent joinder doctrine in three situations:

where there is no possibility that plaintiff can prove a cause of action against the resident non diverse defendant;

where there is outright fraud in pleading jurisdictional facts

where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs v. John Crump Toyota, Inc.*  154 F.3d 1284, 1287  (11th Cir. 1998).

The joinder of a non-diverse Defendant may be treated as "fraudulent" or "sham" only where:

the complaint contains no cause of action whatsoever against that party; or

the cause of action is patently spurious; or

a nominal cause of action is stated but there is no reasonable basis for imposing liability.

*Parks v. New York Times Co.* 308 F2d 474, 477,  (5th Cir. 1962)

Defendant BORZ is clearly a resident of and domiciled in the State of Nevada. Defendant BORZ listed a Nevada address as his address at which to deliver his paycheck and for Internal Revenue Service purposes (see Exhibit "7" attached hereto)  and listed that address on his Nevada Drivers License as provided to Plaintiff VISION as part of his employment records (see Exhibit "8" attached hereto).   Defendant BORZ also owns property in the State of Nevada

as shown by the Clark County, Nevada assessor M.W. Schofield (see Exhibit "9" attached hereto).

Defendants in their Petition state that Defendant BORZ was an employee of Plaintiff VISION, that he was employed during a similar time period as time period as the other Defendants and that he flew on flights into and out of Iraq and Afghanistan like the other Defendants. Defendant BORZ also signed the Employee Non-Competition and Non-Disclosure Agreement with Plaintiff VISION just as the other Defendants did (See Employee Non-Competition and Non-Disclosure Agreement attached hereto as Exhibit "1") and Plaintiff VISION alleges that Defendant BORZ violated these Agreements just as the other Defendants did. Thus under the "well pleaded complaint rule" Defendant BORZ is clearly a legitimate Defendant in this matter and thus federal jurisdiction based on diversity fails as a matter of law.

Defendants' Petition next tries to claim that Defendant BORZ is a fraudulently joined Defendant because he denies the allegations. This assertion is ludicrous! Of course he denies the allegations or otherwise he would have to confess judgment in favor of Plaintiff VISION. Courts do not consider a non-diverse Defendant's defenses on the merits in determining whether that Defendant's joinder was "fraudulent." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1319 (9th Cir. 1998).

Defendant BORZ was clearly in the same group as the other Defendants as it relates to the Employee Non-Competition and Non-Disclosure Agreement with Plaintiff VISION. Defendant BORZ and the other Defendants in this action were all cc'd on a email on February 23, 2007 from the Human Resources department at Plaintiff VISION, that if they wished to continue working on the Boeing project they would all have to sign the Employee Non-Competition and Non-Disclosure Agreement with Plaintiff VISION or they would have to be removed to other positions. (See Exhibit "10" attached hereto).

"The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.* 707 F.2d 201, 205,

1  (5th Cir. 1983).   Defendant must produce "clear and convincing evidence" that the joinder is
2  "sham" or "fraudulent."  *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2nd Cir. 1998).
3  The party seeking removal bears a heavy burden in proving fraudulent joinder.  All factual and
4  legal issues must be resolved in favor of the party seeking remand.  *Legg v. Wyeth,* 428 F.3d
5  1317, 1322-1323 (11th Cir. 2005), *Grey v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400,
6  405 (5th Cir. 2004).    There is a presumption against fraudulent joinder.   The court resolves "all
7  disputed questions of fact and all ambiguities in the controlling state law in favor of the non-
8  moving party."  *Dodson v. Spilliada Maritime Corp.,*  951 F.2d 40, 42-43 (5th Cir. 2004).
9          Even a "tenuous proposition" under state law is sufficient since its "modicum of
10 sturdiness" passes the possibility of recovery test.   *Macey v. Allstate Prop. & Cas. Co.,* 220
11 F.Supp.2d 1116, 1118 (ND CA 2002).  "We do not decide whether the plaintiff will actually or
12 even probably prevail on the merits, but look only for a *possibility* that he may do so."  *Dodson*
13 *v. Spilliada Maritime Corp.,*  951 F.2d 40, 42-43 (5th Cir. 2004).   Joinder of non-diverse parties
14 requires remand even if newly joined Defendants are not indispensible.   *Morris v. Princess*
15 *Cruises, Inc.,* 236 F3d 1061, 1068, (9th Cir. 2001).

16      **B)     PLAINTIFFS HAVE MET THE STATE PLEADING REQUIREMENTS**

17      Defendants next argue that this matter should be removed to Federal Court because they
18 claim that Plaintiff VISION has not met the pleading requirements of the Nevada Rules of Civil
19 Procedure.   While there is absolutely no relevance of this argument to a Petition for Removal
20 (but should be more properly brought as a Motion to Dismiss as part of the Nevada State Court
21 action), the following briefly addresses the issue.
22      Nevada is a notice pleading state which means that the Complaint merely has to give
23 **notice** to the Defendants of the nature of the claims against them.    This Complaint is more than
24 adequate for such notice and the Complaint well exceeds the requirements of the Nevada Rules
25 of Civil Procedure.   (See Complaint attached hereto as Exhibit "11".)
26      "Nevada is a notice-pleading jurisdiction and liberally construes pleadings to place into
27 issue matter which is fairly noticed to the adverse party."  *Chavez v. Robberson Steel Co.,* 94
28 Nev. 597, 599, 584 P.2d 159, 160 (Nev. 1978).

A pleading need only contain "a short and plain statement of the claim showing that the law or fact, is sufficient so long as the pleading gives fair notice of the nature and basis of the claim." *Crucil v. Carson City,* 95 Nev. 583, 585, 600 P.2d 216, 217 (Nev. 1979).

The "test for determining whether the allegations of a Complaint are sufficient to assert a claim for relief is whether the allegations give fair notice of the nature and basis for a legally sufficient claim and the relief requested." *Vacation Village, Inc. v. Hitachi Am., Ltd.,* 110 Nev. 481, 484, 874 P.2d 744, 746 (Nev. 1994).

There are numerous detailed allegations in Plaintiff's Complaint (Exhibit "11") including, but not limited to, the following:

**On or about April 18, 2006, Defendant MAYORAL was hired by Plaintiff VISION as a pilot. On or about May 30, 2008, Defendant MAYORAL's employment ended with Plaintiff VISION. On or about December 1, 2005, Defendant BORZ was hired by Plaintiff VISION as a flight attendant. On or about November 28, 2007, Defendant BORZ's employment ended with Plaintiff VISION.**

**On or about March 16, 2007, Defendant G. CARSON was hired by Plaintiff VISION as an accounting assistant. On or about July 6, 2007, Defendant G. CARSON's employment ended with Plaintiff VISION. On or about September 5, 2005, Defendant D. CARSON was hired by Plaintiff VISION as a pilot. On or about July 5, 2007, Defendant D. CARSON's employment ended with Plaintiff VISION.**

**At or near the time of their hiring all the Defendants signed an Employee Non-Competition and Non-Disclosure Agreement with Plaintiff VISION and also signed a Classified Information Nondisclosure Agreement with the UNITED STATES (sometimes collectively referred to as "Agreements" and sometimes singly referred to as "Agreement"). (See Exhibit "1" attached hereto). All Defendants signed their Employee Non-Competition and Non-Disclosure Agreements which on page 3, paragraph 6, under the heading "Governing Law and Jurisdiction" as an employee the Defendants expressly consented to the personal jurisdiction and venue**

**of the local, state and federal courts of Nevada for any dispute arising out of this agreement.**

**At all relevant times, Plaintiff VISION has or had contracts and or business associations with Capital Aviation, Inc., Computer Sciences Corporation (sometimes known as CSC) and McNeil Technologies, Inc. concerning the providing of aviation services. Defendants, along with possibly others, have been directly and/or indirectly contacting Capital Aviation, Inc., Computer Sciences Corporation and McNeil Technologies, Inc. sometimes directly and sometimes indirectly and sometimes through Defendant SALKO and releasing confidential and trade secret information of Plaintiff VISION and attempting to convince such customers, contractors and business associates of Plaintiff VISION to enter into new contracts with Defendants and terminating contracts with Plaintiff VISION all to the detriment of Plaintiff VISION.**

**Defendants have also released confidential and trade secret information to the press in an attempt to defame, harass and annoy Plaintiff VISION enough that Capital Aviation, Inc., Computer Sciences Corporation and McNeil Technologies, Inc. and possibly other customers, contractors and business associates would breach or fail to renew their contracts or business relationships with Plaintiff VISION and enter into contracts or business associations with Defendants and/or associates or affiliates of Defendants.**

**Defendants misappropriated a valuable trade secret through their use and disclosure of Plaintiff VISION's trade secrets to customers, contractors and business associates of Plaintiff VISION and the public at large in an effort to steal and misappropriate Plaintiff VISION's customers, contractors and business associates for themselves.**

**The information misappropriated by Defendants consists of trade secrets as defined by NRS 600.A.030(5) and at law which consisted of information, compilations, programs, methods, techniques, systems, and procedures from which**

**Plaintiff VISION derived independent economic value, both actual and potential, the same not being generally know to or being readily ascertainable by proper means by the public or other persons who can obtain commercial or economic value from its disclosure and use, the same being the subject of efforts undertaken by Plaintiff VISION to maintain its secrecy.**

**Defendants have acted in violation of NRS 600.A.035 and at law in that they have misappropriated Plaintiff VISION's trade secrets for their own benefit and that of Plaintiff VISION's competitors, thereby entitling Plaintiff VISION to recovery of damages for misappropriation in accordance with the provisions of NRS 600.A.050 and at law. This disclosure and use is wrongful as it was made in a breach of an express contract between Plaintiff VISION and Defendants who had a duty not to disclose such trade secrets and confidential information.**

**Plaintiff VISION has or had valid contracts, agreements and/or business relationships between itself and numerous brokers, contractors and third parties which are continually up for renewal. Defendants knew of these relationships as shown in part by Defendants' suggestions to and interference with such brokers, contractors and third parties to cancel their contracts, agreements and business relationships with Plaintiff VISION.**

**Defendants have contacted many of these brokers, contractors and business associates of Plaintiff VISION in an attempt to prevent renewal of the contracts, agreements and business relationships with Plaintiff VISION and to gain the contracts, agreements and business associations for themselves to the exclusion of Plaintiff VISION. There is no privilege or justification for Defendants' actions in interfering with and making such contacts as set forth in part herein.**

**Defendants have acted in concert to interfere intentionally with the Agreements, and other legal obligations, contracts, business and prospective economic advantage of Plaintiff VISION through the release directly and indirectly of confidential information and trade secrets to Plaintiff VISION's customers,**

**business associates and the public at large and further have acted in concert to misappropriate trade secrets of Plaintiff VISION.**

**Defendants, by acting in concert, intended to accomplish the unlawful objectives of breaching their Agreements and other legal obligations with Plaintiff VISION, breaching their duties to Plaintiff VISION, misappropriating trade secrets, intentionally interfering with contractual relations of Plaintiff VISION, intentionally interfering with prospective economic advantage of Plaintiff VISION, misappropriating trade secrets of Plaintiff VISION and possibly other tortuous acts committed against Plaintiff VISION, also described elsewhere herein for the purpose of harming Plaintiff VISION.**

**Plaintiff VISION and Defendants were parties to the Agreements and other obligations created at law by reason of their respective employment with Plaintiff VISION as set forth in the Agreements and other legal obligations.  Defendants as parties to the respective Agreements and other legal obligations owed a duty of good faith and fair dealing to Plaintiff VISION.**

**Defendants have breached their duty of good faith and fair dealing by performing in a manner that was unfaithful to the purposes of their employment with Plaintiff VISION and the respective Agreements and other legal obligations.**

Plaintiff has also plead the Nevada Racketeering claim with the required specificity. Plaintiff's Complaint reads:

**65.     Plaintiff VISION repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth at this time.**

**66.     Defendants violated the predicate racketeering acts through their repeated releases of confidential information, misappropriation of trade secrets and possibly classified information  stolen from Plaintiff VISION, receiving, possessing or withholding stolen goods valued at Two Hundred Fifty Dollars ($250.00) or more, obtaining possession of money or property valued at Two Hundred Fifty Dollars ($250.00) or more and repeated intentional interference with and contacts with**

**Plaintiff VISION's customers, contractors and business associates, each and all in excess of Two Hundred Fifty Dollars ($250.00).**

**67.    Defendants themselves constituted the racketeering "Enterprise" as defined in NRS 207.380.**

**68.    The combination of Defendants constituted a racketeering "Criminal syndicate" as defined in NRS 207.370.**

**69.    Defendants engaged in a "Crime related to racketeering" as defined in part in NRS 207.360 (24) "receiving, possessing or withholding stolen goods valued at $250.00 or more;" and NRS 207.360 (26) "Obtaining possession of money or property valued at $250.00 or more…."**

**70.    Plaintiff VISION suffered injury in its business by reason of Defendants' violations of the predicate racketeering acts as set forth in part herein.**

**71.    Defendants' violations proximately caused Plaintiff VISION's injury as alleged herein in part.**

**72.    Plaintiff VISION was not a part of the racketeering violations as alleged herein.**

When combined with the general allegations which are incorporated into this cause of action, the Plaintiff's Nevada Racketeering charges against Defendants are more than plead with the specificity required under Nevada law.   Included among the general allegations are:

**26.    At all relevant times, Plaintiff VISION has or had contracts and or business associations with Capital Aviation, Inc., Computer Sciences Corporation (sometimes known as CSC) and McNeil Technologies, Inc. concerning the providing of aviation services.**

**27.    Defendants, along with possibly others, have been directly and/or indirectly contacting Capital Aviation, Inc., Computer Sciences Corporation and McNeil Technologies, Inc. sometimes directly and sometimes indirectly and sometimes through Defendant SALKO and releasing confidential and trade secret information of Plaintiff VISION and attempting to convince such customers,**

1  **contractors and business associates of Plaintiff VISION to enter into new contracts**
2  **with Defendants and terminating contracts with Plaintiff VISION all to the**
3  **detriment of Plaintiff VISION.**
4  **28.    Defendants have also released confidential and trade secret**
5  **information to the press in an attempt to defame, harass and annoy Plaintiff**
6  **VISION enough that Capital Aviation, Inc., Computer Sciences Corporation and**
7  **McNeil Technologies, Inc. and possibly other customers, contractors and business**
8  **associates would breach or fail to renew their contracts or business relationships**
9  **with Plaintiff VISION and enter into contracts or business associations with**
10 **Defendants and/or associates or affiliates of Defendants.**

Therefore it is quite clear that Plaintiff has provided more than enough specificity to have properly stated a racketeering claim under Nevada law.

### C)    THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION IN THIS MATTER

Defendants also make a strained but futile attempt to argue that there is a federal question in this matter on the basis that Plaintiff VISION mentioned in its Complaint that the Defendants signed a Classified Information Nondisclosure Agreement with the United States Government along with the one they signed with Plaintiff VISION.  While it is true that this factual statement is made in the Complaint, there are no allegations based upon the existence of the Classified Information Nondisclosure Agreement that Defendants signed with the United States Government.  Moreover, Defendants have failed to acknowledge the validity or enforceability of the Agreement.

### D)    PETITIONER HAS BEEN DISMISSED FROM THE CASE

The Petitioner for Removal, HESTER, was dismissed from this case on June 30, 2009, and this Court listed this federal case as closed.  (See Notice of Dismissal and Order attached hereto as Exhibit "3").  With Petitioner for Removal dismissed there is no basis for the Federal Courts to exercise jurisdiction in this matter.  Courts have upheld remands where there were amendments or claim withdrawals where there was no evidence the claims were added originally

1  in bad faith and remand would "best serve principles of economy, convenience, fairness, and
2  comity.   *Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 233 (3rd Cir. 1995); See also
3  *Baddie v. Berkley Farms, Inc.,* 64 F.3d 487, 490-491 (9th Cir. 1995)
4        The removing party bears the burden of proving, by a preponderance of the evidence, that
5  removal is proper.  *Gaus,* 980 F.2d at 566;  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398,
6  403-404 (9th Cir. 1996).   Despite their attempts to creatively re-plead Plaintiff's Complaint,
7  Defendants have utterly failed to meet this burden since there simply is no federal jurisdiction
8  over this action.  Therefore, this action should be remanded to Nevada state court.  28 U.S.C.
9  §1447(c).

## III.

### PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES

12        28 U.S.C. §1447(c) was amended in 1988 to provide that an "order remanding the case
13  may require payment of just costs and any actual expenses, including attorney fees, incurred as a
14  result of the removal."   This amendment permits an award of fees even "when a defendant's
15  removal, while 'fairly supportable,' was wrong as a matter of law."   *Balcorta v. Twentieth
16  Century-Fox Film Corp.,*  208 F.3d 1102, 1106 n.6 (9th Cir. 2000).   It is irrelevant that removal
17  was not made in bad faith.  *See Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 446-447
18  (9th Cir. 1992), quoting *Morgan Guar. Trust Co. v. Republic of Palau,* 971 F. 2d 917, 923 (2d
19  Cir. 1992), the *Moore* court stated, "the statute [28 U.S.C. § 1447(c)] as amended makes no
20  reference at all to the state of mind or intent of the party removing the action, instead focusing
21  strictly on the mere absence of subject matter jurisdiction."  *Id.* at 446.  Consequently, the Ninth
22  Circuit in *Moore* concluded that such an award of fees was not punitive but was "simply
23  reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted."  *Id.* at
24  447 (quotation omitted).
25        In the present case, Defendants removed this action based on the flimsy allegation of a
26  Fraudulent Defendant added to defeat diversity.  This should be viewed as nothing more than a
27  litigation tactic employed by Defendants to delay this meritorious litigation and gain additional
28  notoriety and publicity which is clearly being sought by Defendants.

Defendants filed their Petition for Removal alleging fraud in the addition of Defendant BORZ yet Defendants have provided not a scintilla of evidence nor an allegation of such evidence upon which to base their claim of fraud in their entire approximately one hundred (100) page Petition for Removal.  The removing party bears the burden of proving, by a preponderance of the evidence, that removal is proper.  *Gaus,* 980 F.2d at 566;  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-404 (9th Cir. 1996).   Defendants Petition for Removal does not rise even to the level of "fairly supportable" but was instead filed in bad faith.  Defendants Petition for Removal is nothing more than a meritless, unsubstantiated fugitive document.  Accordingly, Plaintiff is entitled to an award of attorney's fees and expenses in connection with Defendant's improper removal.

## **CONCLUSION**

For the foregoing reasons and all pleadings and proceedings herein, Plaintiff respectfully requests the Court remand this action to the Nevada State Court, and award Plaintiff's attorney's fees and expenses incurred in connection with the Removal and Remand of this action along with such other and further relief as the Court deems appropriate under the circumstances.

DATED this 6th day of July, 2009.

          HAROLD P. GEWERTER, ESQ., LTD.

             /s/   Harold P. Gewerter, Esq.
          HAROLD P. GEWERTER, ESQ.
          Nevada Bar No. 499
          2705 Airport Drive
          North Las Vegas, Nevada 89032
          Attorney for Plaintiff